USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11-27-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

BRET Q. YOUNG,

                                 Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER JOSEPH OTTAVIANO, POLICE OFFICER MATTHEW CAPOBIANCO, and POLCE OFFICERS JOHN DOES 1-6, in their individual and official capacities,

                                Defendants.

------------------------------------------------------------------- x

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

19-CV-5738 (AKH) (OTW)

       **WHEREAS**, the parties intend to produce certain documents pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure that the parties deem or may deem to be confidential, private, subject to an applicable privilege, or otherwise inappropriate for public disclosure;

       **WHEREAS**, the parties object to the production of those documents unless appropriate protection for their confidentiality is assured;

       **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorney for Plaintiff and Defendants as follows:

       1. This Matter shall mean <u>Bret Q. Young v. The City of New York, et al.</u>, 19-CV-5738 (AKH) (OTW).

       2. As used herein, without waiving the right to later interpose objections concerning these documents, "Confidential Materials" shall mean:

(A) New York City Police Department ("NYPD") employment/personnel and disciplinary-related records, including performance evaluations, and records of investigations regarding the conduct of Members of Service of the NYPD conducted by the NYPD, or other agencies;

(B) Any other disciplinary histories or other records from Civilian Complaint Review Board, Internal Affairs Bureau, other New York City Police Department divisions or any other governmental agency for the individual Defendants;

(C) NYPD training materials, including, but not limited to documents, directives, operation orders, command level orders and lesson plans;

(D) Any NYPD documents produced as part of municipal liability discovery;

(E) Full names and contact information of non-party individuals and/or witnesses;

(F) Any video taken with a New York City Police Department issued camera or by a member of New York City Police Department;

(G) Any documents pertaining to plaintiff obtained pursuant to unsealing releases under New York Criminal Procedure Law §§ 160.50 and 160.55;

(H) Plaintiff's medical records; and

(I) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by the parties or the Court.

3. The documents and information as defined in Paragraph 2 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained from sources other than the producing party, or (b) are otherwise publicly available.

4. The parties shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to opposing counsel.

5. The parties shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

6. Any documents produced by a non-party pursuant to a subpoena in this Matter and that are designated as Confidential Materials by the parties shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

7. The parties reserve the right to designate any document confidential pursuant to this agreement if necessary after production of such documents.

8. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the disclosing party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

9. If a party objects to the designation of particular documents as "Confidential Materials," that party shall state such objection in writing to the designating party, and the parties shall endeavor in good faith to resolve such an objection. If such an objection

cannot be resolved, then, within fifteen (15) days of receiving the response to the objection to the material's classification as confidential, the objecting party shall seek judicial intervention. Any such materials or information shall remain confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

10. Confidential Materials may not be used for any purpose other than for the preparation or presentation of this Matter.

11. The parties shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of the party's case in this Matter, to those individuals described in the subparagraphs below.

   b. Disclosure before trial may be made only to a party, to an expert who has been retained or specially employed by a party's attorney in anticipation of litigation or preparation for this Matter, to a witness at deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), the disclosing party's attorney shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not

to further disclose the Confidential Materials except in testimony taken in this case.

12. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation of Confidentiality and Protective Order.

13. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be ~~filed under seal~~ **treated**, in accordance with the rules of the District Court in which the Matter is filed and/or the Individual Rules of the judge to whom the papers are directed. *AH*

14. Where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

15. Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such **except for exhibits** materials), shall be returned to the producing party's attorneys or, upon the producing party's attorneys' consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorney; except that counsel shall retain one copy of the Confidential Materials, and any Confidential Materials containing attorney work product, to the *AH*

5

extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect plaintiff's own information of like nature) are imposed to prevent the use of the Confidential Materials for any other purpose. Confidential Materials which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials.

16. Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit the parties' use of their own Confidential Materials in any manner.

17. This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Matter has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiff, or anyone receiving confidential documents pursuant to paragraph 10 herein, for any purpose without prior Court approval.

18. This Stipulation of Confidentiality and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

19. The terms of this Stipulation of Confidentiality and Protective Order shall be binding upon all current and future parties to this Matter and their counsel.

NEWMAN FERRARA, LLP
*Attorneys for Plaintiff*
1250 Broadway, 27th Floor
New York, NY 10001

By: _____
Randolph M. McLaughlin, Esq.

JAMES E. JOHNSON
Corporation Counsel of the City of New York
*Attorney for Defendant City of New York*
100 Church Street, Rm. 3-194
New York, New York 10007

By: _____
James Jimenez, Esq.

SO ORDERED, as amended

_____
HON. ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE
Dated: __11/27__, 2019

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation of Confidentiality and Protective Order dated _____ 2019, entered into the Matter entitled <u>Bret Q. Young v. The City of New York, et al.</u>, 19-CV-5738 (AKH) (OTW), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.


Date: _____     Signature: _____

                                    Print Name: _____

                                    Occupation: _____