UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRET Q. YOUNG

                Plaintiff,

vs.

THE CITY OF NEW YORK, POLICE OFFICER JOSEPH OTTAVIANO, POLICE OFFICER MATTHEW CAPOBIANCO, POLICE OFFICER ALISA BAJRAKTAREVIC, POLICE OFFICER JONATHAN D. GONZALEZ, POLICE OFFICER EDIN BACOVIC, POLICE OFFICER JOSEPH R. ZACCARO, and POLICE OFFICER RICHARD MONTANEZ in their individual and official capacities,

                Defendants.

**AMENDED COMPLAINT**

**19-cv-5738 (AKH)(OTW)**

**JURY TRIAL DEMANDED**

By and through his attorneys, Randolph M. McLaughlin and Debra S. Cohen of Newman Ferrara LLP, Plaintiff alleges upon knowledge, information, and/or belief as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiff Bret Q. Young ("Plaintiff") seeks relief for the Defendants' violation of his rights, privileges, and immunities secured by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United States Constitution, and the Constitution and laws of the State of New York.

2. It is alleged herein that on or about April 14, 2018, while Plaintiff was present at the Fordham Metro North train station, located at 417 East Fordham Road, Bronx, New York, one or more of the individual Defendant officers threw Plaintiff down a flight of stairs, and, without cause or justification, severely beat Plaintiff with their hands, fists, feet and blunt instruments. Said beating, assaults, and batteries caused serious injuries to Plaintiff, including, but not limited to

fracture of his right wrist and hand and swelling of the structure of his eye.

3. It is further alleged that after administering the beating to Plaintiff, one or more of the individual Defendant officers falsely arrested Plaintiff and charged him with assault in the second degree, assault in the third degree, resisting arrest, obstructing governmental administration, and harassment. On March 28, 2019, all charges against Plaintiff were dismissed on the motion of the Bronx County District Attorney's office.

4. As a direct and proximate result of the use of force used, Plaintiff suffered, and continues to suffer from physical, emotional, and psychological injuries.

5. As a remedy for these violations alleged therein, Plaintiff seeks compensatory damages, punitive damages and an award of the costs and expenses of this action including, but not limited to, attorneys' fees to the Plaintiff pursuant to 42 U.S.C. § 1988, and any such other and further relief as this Court may deem appropriate.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

7. Venue in the Southern District of New York is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred within the district.

## PARTIES

8. Plaintiff Bret Q. Young is a resident of Westchester County, New York. Plaintiff is a college student. Prior to this incident, Plaintiff had never been arrested.

9. Defendant The City of New York ("City") is a duly constituted municipal corporation of the State of New York. It is authorized under the laws of the State of New York to

maintain a police department, the New York City Police Department ("NYPD") which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

10. Defendant Police Officer Joseph Ottaviano ("Ottaviano") is a police officer employed by the City. At all times relevant to the facts of the Amended Complaint, said Defendant was acting under color of law and within the scope of his employment by the City. Said Defendant is sued in his individual and official capacities.

11. Defendant Police Officer Matthew Capobianco ("Capobianco") is a police officer employed by the City. At all times relevant to the facts of the Amended Complaint, said Defendant was acting under color of law and within the scope of his employment by the City. Said Defendant is sued in his individual and official capacities.

12. Defendant Police Officer Alisa Bajraktarevic is a police officer employed by the City. At all times relevant to the facts of the Amended Complaint, said Defendant was acting under color of law and within the scope of her employment by the City. Said Defendant is sued in his individual and official capacities.

13. Defendant Police Officer Jonathan D. Gonzalez is a police officer employed by the City. At all times relevant to the facts of the Amended Complaint, said Defendant was acting under color of law and within the scope of his employment by the City. Said Defendant is sued in his individual and official capacities.

14. Defendant Police Officer Edin Bacovic is a police officer employed by the City. At all times relevant to the facts of the Amended Complaint, said Defendant was acting under color of law and within the scope of his employment by the City. Said Defendant is sued in his individual and official capacities.

15. Defendant Police Officer John R. Zaccaro is a policer officer employed by the City. At all times relevant to the facts of the Amended Complaint, said Defendant was acting under color of law and within the scope of his employment by the City. Said Defendant is sued in his individual and official capacities.

16. Defendant Police Officer Richard Montanez is a police officer employed by the City. At all times relevant to the facts of the Amended Complaint, said Defendant was acting under color of law and within the scope of his employment by the City. Said Defendant is sued in his individual and official capacities.

## FACTUAL ALLEGATIONS

17. The incident complained of herein occurred on April 14, 2018, and began at approximately 1:35 a.m., at the Fordham Metro North train station located at 417 East Fordham Road, Bronx, New York.

18. At or about that time, Plaintiff was present on the platform of said station, when several police officers approached him and his friend.

19. Shortly thereafter, without cause, Defendant Capobianco pushed Plaintiff down a flight of stairs at the train station. After he landed at the bottom of the stairs, said Defendant along with Defendants Bajraktarevic, Gonzalez, Bacovic, Zaccaro, and Montanez proceeded to assault, batter, and beat Plaintiff with their fists, hands, feet, and blunt instruments.

20. Plaintiff was repeatedly struck in the head, torso, back, arms, legs and feet by each of the aforenamed Defendants. The beating that Plaintiff suffered was unjustified, unwarranted, unlawful, and constituted excessive force.

21. As a result of the beating, Plaintiff's right hand was broken at the fifth metacarpal

with injuries consistent with being stomped by said officers. Additionally, he received contusions to his wrist, arms, legs, torso, toes, feet, back and right forearm, consistent with being struck with a blunt object. Plaintiff also received injuries to his right eye orbit area, swelling to the structure of his right eye, and swelling to his right hand and right wrist.

22. The use of excessive force by said Defendants was captured on video cameras located at or about the train station.

23. After the assault and battery of Plaintiff, he was falsely arrested and maliciously prosecuted.

24. Defendant Ottaviano filed a criminal complaint against Plaintiff falsely charging him with the crimes aforementioned. In the criminal complaint, based on information provided to Ottaviano by Defendant Capobianco, Defendant Ottaviano falsely stated that Plaintiff struck Capobianco with a closed fist about the face, kicked said officer about his legs multiple times, and caused said officer to fall on his right hand.

25. The statements made in said criminal complaint were fabricated and both Defendants Ottaviano and Capobianco were aware that said statements were false. Ottaviano signed the criminal complaint aware that false statements made therein were punishable as a Class A misdemeanor.

26. The false statements made and/or attributed to said officers initially were relied upon by the prosecutors of the Bronx County District Attorney's Office in connection with the prosecution of Plaintiff. Ultimately, after an investigation, all charges against Plaintiff were dismissed and, on information and belief, the Bronx County District Attorney's Office commenced an investigation of the arresting officers.

## NOTICE OF CLAIM

27. A Notice of Claim on behalf of Plaintiff, pursuant to New York General Municipal Law § 50-e, was timely served upon Defendant City on July 10, 2018. More than thirty days have elapsed without the matter being resolved by the City. The Notice of Claim provided detailed information regarding the actions that the officers took during the incident with Plaintiff, the injuries that Plaintiff sustained, and was sufficient to put the officers and the City on notice of the conduct in which they were alleged to have engaged.

## FEDERAL CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
*(Violation of the Rights Secured under the Fourth and Fourteenth Amendments for Excessive Force Against the Individual Defendants)*

28. Plaintiff incorporates the allegations contained in the previous paragraphs of this Amended Complaint as if fully set forth herein.

29. Defendants Capobianco, Bajraktarevic, Gonzalez, Bacovic, Zaccaro, and Montanez, under color of law and with the indicia of authority of New York City Police Officers, violated Plaintiff's constitutional rights to be free from unreasonable and unnecessary use of excessive force.

30. The manner in which Plaintiff was beaten, assaulted and battered, in the performance of the aforementioned Defendants' duties as police officers and employees of the City, constituted an unreasonable and excessive use of force.

31. Such forced used by said individual Defendants during the aforementioned conduct shocks the conscious and was neither necessary nor appropriate in the circumstances that presented

themselves.

32. By reason of the foregoing, and by maliciously and sadistically beating Plaintiff, said Defendants, acting within their capacities as police officers and employees of the City, and within the scope of their employment, intentionally committed willful, unlawful, and intentional assaults and batteries upon Plaintiff and were deliberately indifferent to his health and safety.

33. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages alleged herein.

34. The aforementioned actions of said Defendants deprived Plaintiff of rights, privileges and immunities secured by the Fourth and Fourteenth Amendments of the United States Constitution, in violation of 42 U.S.C. § 1983.

**SECOND CLAIM FOR RELIEF**
*(Violation of the Rights Secured under the Fourth, Fifth, and Fourteenth Amendments for False Arrest and Malicious Prosecution Against the Individual Defendants)*

35. Plaintiff incorporates the allegations contained in the previous paragraphs of this Amended Complaint as if fully set forth herein.

36. Defendants Ottaviano and Capobianco, acting under color of law, deprived the Plaintiff of rights secured by the Fourth, Fifth and Fourteenth Amendments for protection from unlawful search and seizure, and due process by conducting an improper investigation, falsely arresting, wrongfully detaining, falsely charging and maliciously prosecuting the Plaintiff with criminal charges for which there is no evidence or substantiation of any kind.

37. As a consequence of said Defendants' wrongful actions, grossly negligent behavior, and violations of federal laws, Plaintiff was deprived of his freedom, was subjected to fear and personal humiliation and degradation, and continues to suffer mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants herein.

38. As a result of the false and malicious prosecution, Plaintiff hired and paid for criminal defense counsel and had to appear in court on multiple occasions.

39. The aforementioned actions of said Defendants deprived Plaintiff of rights, privileges and immunities secured by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, in violation of 42 U.S.C. § 1983.

### THIRD CLAIM FOR RELIEF
*(Violation of the Rights Secured under the Fourteenth Amendment for Failure to Intervene Against the Individual Defendants)*

40. Plaintiff incorporates the allegations contained in the previous paragraphs of this Amended Complaint as if fully set forth herein.

41. Each of the individual Defendants, who participated in the assault and battery of Plaintiff, failed to take reasonable steps to intervene to prevent the violations of Plaintiff's constitutional rights, though they were presented with ample realistic and reasonable opportunities to do so.

42. Said Defendants had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in the presence of other officers.

43. Despite observing the continued harm to Plaintiff and having the opportunity to do said Defendants failed to intervene to prevent the unlawful conduct described herein.

44. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, was humiliated, and suffered and continues to suffer from serious physical, psychological, and emotional harm.

45. The aforementioned actions of said Defendants deprived Plaintiff of rights, privileges and immunities secured by the Fourteenth Amendment of the United States Constitution, in violation of 42 U.S.C. § 1983.

## STATE CLAIMS FOR RELIEF

### FOURTH CLAIM FOR RELIEF
*(For Assault and Battery Against All Defendants)*

46. Plaintiff incorporates the allegations contained in the previous paragraphs of this Amended Complaint as if fully set forth herein.

47. One or more of the individual Defendants without just cause, or provocation, threatened to use force and used excessive force against Plaintiff. The use of such force was not justified or warranted under the circumstances and constituted unreasonable and unnecessary force.

48. The threat to use such force and the use of such force caused Plaintiff to suffer and experience fear and imminent apprehension of physical harm, pain and suffering, serious physical injuries, and severe emotional distress.

49. The actions of said Defendants were intentional, malicious and were committed with wanton disregard for the rights of Plaintiff.

50. The actions of said Defendants, in the performance of their duties as police officers, were unreasonable, unwarranted and constituted excessive use of force.

51. The actions aforesaid constituted unlawful assaults and/or batteries upon Plaintiff.

52. As a direct result of the aforementioned conduct of said Defendants, Plaintiff suffered, and continues to suffer serious physical, psychological, and emotional injuries.

53. Defendant City is responsible under *respondeat superior* for the actions of said Defendants, as the acts were committed within the scope of their employment as officers.

**FIFTH CLAIM FOR RELIEF**
*(Intentional Infliction of Emotional Distress Against All Defendants)*

54. Plaintiff incorporates the allegations contained in the previous paragraphs of this Amended Complaint as if fully set forth herein.

55. The individual Defendants intentionally, maliciously, and with reckless disregard and deliberate indifference to Plaintiff's rights, conducted themselves in a manner so shocking and outrageous that it exceeded all reasonable bounds of decency so as to cause severe emotional distress.

56. Said Defendants desired to inflict severe emotional distress on Plaintiff and/or knew that severe emotional distress would be certain or substantially certain to result from their conduct.

57. Plaintiff sustained the damages herein alleged as a direct and proximate result of the actions of said Defendants.

58. Defendant City is responsible under *respondeat superior* for the actions of said Defendants, as the acts were committed within the scope of their employment as officers.

**SIXTH CLAIM FOR RELIEF**
*(Respondeat Superior Liability Against Defendant The City of New York)*

59. Plaintiff incorporates the allegations contained in the previous paragraphs of this Amended Complaint as if fully set forth herein.

60. At all times pertinent hereto, the individual Defendants were acting within the scope of their employment as police officers for the City. Defendant City, through its agents, expressly or implicitly authorized the individual Defendants to violate Plaintiff's constitutional rights, as described above.

61. Defendant City is thus liable under the doctrine of *respondeat superior*, for the intentional and negligent torts of the Individual Defendants herein, which were committed within

the scope of their employment.

## PUNITIVE DAMAGES

62. Plaintiff incorporates the allegations contained in the previous paragraphs of this Amended Complaint as if fully set forth herein.

63. The acts of the individual Defendants were willful, wanton, malicious, and oppressive and were motivated by a desire to harm Plaintiff without regard for his well-being and were based on a lack of concern and ill-will towards the Plaintiff.  Such acts therefore warrant an award of punitive damages.

64. The City is responsible for the actions of its employees as complained of herein under the doctrine of *respondeat superior*.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and relief against the Defendants as follows:

a. Compensatory damages in an amount of three million dollars;

b. Punitive damages in an amount to be determined at trial;

c. An award of the costs and expenses of this action including attorneys' fees to the Plaintiff pursuant to 43 U.S.C. §1988; and

d. Any such other and further relief as this Court may deem appropriate.

## **A JURY TRIAL IS DEMANDED**

DATED:   New York, New York
         March 20, 2020

**NEWMAN FERRARA LLP**

By: s/Randolph M. McLaughlin
    Randolph M. McLaughlin
    rmclaughlin@nfllp.com
    Debra S. Cohen
    dcohen@nfllp.com
    1250 Broadway, 27th Floor
    New York, New York 10001
    Tel: 212-619-5400
    Fax: 212-619-3090

*Counsel for Plaintiff*